IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPS TO HEALTH, INC. AND M.P.,        §
                                       §
        Plaintiffs,                    §
                                       §
V.                                     §        No. 3:16-cv-2662-G-BN
                                       §
HARVARD UNIVERSITY, ET AL.,            §
                                       §
        Defendants.                    §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On September 16, 2016, Defendant Children's Hospital Corporation d/b/a Boston

Children's Hospital ("Boston Children's") removed to federal court this action filed *pro*

*se* in the 44th Judicial District Court of Dallas County, Texas on August 15, 2016. *See*

Dkt. No. 1. Senior United States District Judge A. Joe Fish has referred it to the

undersigned United States magistrate judge for pretrial management under 28 U.S.C.

§ 636(b) and a standing order of reference. The undersigned issues the following

findings of fact, conclusions of law, and recommendation that, for the reasons stated

below, the Court should dismiss this action without prejudice under Federal Rules of

Civil Procedure 41(b) and deny a pending motion to dismiss or, alternatively, transfer

as moot.

**Applicable Background**

After removal of this action and its referral to the undersigned for pretrial

management, the Court entered, on September 20, 2016, a Notice of Deficiency and

Order Regarding Real Parties in Interest and *Pro Se* Status, setting out the following:

> Rule 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). And, particularly when, like here, deficiencies in this regard are apparent in an action initiated by a *pro se* litigant, a court may "invoke Rule 17(a) *sua sponte*." *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993) ("[W]e are ultimately persuaded that the 'better authority is that the trial judge can raise the objection on his own motion.'" (quoting 3A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 17.15-1 (2d ed. 1992))).

> In the course of reviewing the state court record, chiefly the petition that Plaintiff filed in state court, several deficiencies as to capacity (or the ability of a plaintiff to proceed *pro se*) appear.

> First, Plaintiff Steps to Health, Inc., identified as a "non-profit" entity is suing "on behalf of 'MOLLY PETERS' (by pseudonym) [M.P.] as Plaintiff." Dkt. No. 1 at 13. But it is not clear how Steps to Health has standing to file on behalf of M.P. For example, parents generally have "standing to bring claims on [their] children's behalf under Rule 17, which provides that a next friend or guardian ad litem may bring claims on behalf of a minor if the minor 'does not have a duly appointed representative.'" *Connor v. Deckinga*, No. 4:10-cv-855-Y, 2011 WL 1527028, at *3 & n.2 (N.D. Tex. Apr. 20, 2011) (quoting FED. R. CIV. P. 17(c)(2), and noting "Texas law is similar in allowing a next-friend suit on behalf of a minor who has no legal guardian." (citing TEX. R. CIV. P. 44)). But M.P., identified "as a natural citizen residing in Texas," Dkt. No. 1 at 14, has not alleged that she lacks the capacity to sue on her own behalf.

> In fact, M.P. is suing on her own behalf, as a plaintiff in addition to Steps to Health. *See id.* at 13-14. That raises the issue of whether she may proceed under a pseudonym. And another judge of this Court has recently set out how that issue should be analyzed:

>> Generally, parties to a lawsuit must identify themselves in their pleadings. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Fed. R. Civ. P. 10 requires that a complaint include the names of all the parties. *See* FED. R. CIV. P. 10(a). This rule protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Additionally, Rule 17 provides that "[e]very action shall be prosecuted in the name of the real party in interest." FED. R. CIV. P.17(a). The federal rules of procedure do not provide

instruction regarding plaintiffs who wish to proceed anonymously with their lawsuits. *See Wynne & Jaffe*, 599 F.2d at 712.

In *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981 Unit A), the [United States Court of Appeals for the] Fifth Circuit provided guidance for deciding whether to allow a party to proceed anonymously. Courts must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally-based presumption of openness in judicial proceedings. *See id.* at 186. There is no "hard and fast formula for ascertaining whether a party may sue anonymously," but three factors are entitled to considerable weight: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution. *See id.* at 185. Because none of the factors are dispositive, but deserve consideration, "[a] Judge ... should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Frank*, 951 F.2d at 323 (emphasis in original), citing *Wynne & Jaffe*, 599 F.2d at 713. For example, courts have considered potential threats of violence, in conjunction with other factors, when deciding whether to permit a party to use pseudonyms. *See Stegall*, 653 F.2d at 186. They have also considered the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously as well as fairness to the public. *Frank*, 951 F.2d at 323-24; *Rose v. Beaumont Indep. School Dist.*, 240 F.R.D. 264, 267-68 (E.D. Tex. 2007); *Doe v. Harris*, No. 14-0802, 2014 WL 4207599, at *3 (W.D. La Aug. 25, 2014). In analyzing these factors, courts have noted the insufficiency of a plaintiff's allegations of embarrassment and harassment. *See Rose*, 240 F.R.D. at 267; *Frank*, 951 F.2d at 324.

*Doe v. Compact Info. Sys., Inc.*, No. 3:13-cv-5013-M, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015).

Finally, because Steps to Health is "an organization," it "cannot proceed *pro se* in this litigation." *A.M.A.R.A. Temple of Moorish Science v. Deary*, No. 4:13-cv-624-O, 2013 WL 4734092, at *1 (N.D. Tex. Sept. 3,

2013) (citing *Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55-56 (5th Cir. 1982) (a corporation can appear in court only through an attorney at law); *Amoco Prod. Co. v. Aspen Group*, 25 F. Supp. 2d 1162, 1166 (D. Colo.1998) ("It has been the law, for the better part of two centuries, that corporations, partnerships, and unincorporated associations may appear in federal court only through a licensed attorney"); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (applying rule to nonprofit corporation formed by prison inmates)).

Dkt. No. 4 at 1-4.

The September 20, 2016 order required Plaintiffs "to respond in writing ... no later than October 20, 2016 to explain (1) Steps to Health's standing to sue on behalf of M.P.; (2) why M.P. should be allowed to proceed under a pseudonym; and (3) why Steps to Health should not be dismissed as a plaintiff." *Id.* at 4 (emphasis omitted). And that order cautioned Plaintiffs that "[t]he failure to file a complete written response by October 20, 2016 will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey orders of the Court." *Id.*

Boston Children's then moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or, alternatively, to transfer this case to the District of Massachusetts under 28 U.S.C. § 1404(a) or § 1406(a). *See* Dkt. Nos. 6 & 7. Plaintiffs' response to that motion was due to be filed no later than November 10, 2016. *See* Dkt. No. 8.

Plaintiffs have taken no steps to prosecute this action since its removal to this Court – more than six months ago – and the Court otherwise has not heard from Plaintiffs during that time period.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions

would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may

"'include assessments of fines, costs, or damages against the plaintiff, conditional

dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v.

City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

    Plaintiffs' failure to comply with the Court's orders has prevented this action

from proceeding. They therefore have failed to prosecute this lawsuit by obeying the

Court's orders. And a Rule 41(b) dismissal of this lawsuit without prejudice is

warranted under these circumstances. The undersigned further concludes that lesser

sanctions would be futile. The Court is not required to delay the disposition of this case

until such time as Plaintiffs decide to comply with the Court's orders. Accordingly, the

Court should exercise its inherent power to prevent undue delays in the disposition of

a pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

    The Court should dismiss this action without prejudice under Federal Rules of

Civil Procedure 41(b) and, for that reason, also deny Boston Children's motion to

dismiss or, alternatively, transfer [Dkt. No. 6] as moot.

    A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 23, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE